UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN M.,

                                                                                        <u>DECISION AND ORDER</u>

                              Plaintiff,

                                                                                           20-CV-6802L

                 v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                    Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On November 8, 2016, plaintiff, then forty-three years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work as of November 11, 2015. (Administrative Transcript, Dkt. #12 at 14). His applications were initially denied. Plaintiff requested a hearing, which was held on May 14, 2019, via videoconference before Administrative Law Judge ("ALJ") John Murdock.

The ALJ issued an unfavorable decision on September 25, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #12 at 14-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 10, 2020. (Dkt. #12 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further administrative proceedings (Dkt. #13), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records concerning treatment for left hip osteoarthritis with radiculopathy, osteoarthritis of the bilateral knees and lower back, and obesity, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #12 at 17).

Because plaintiff testified at the hearing to a history of wanting to engage in self-harm (although he had never received any mental health treatment), the ALJ applied the special technique for mental impairments, and found that plaintiff had no limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a mild limitation in concentration, persistence, and pace, and a mild limitation in adapting or managing himself. The ALJ accordingly found plaintiff's mental health impairment to be non-severe. (Dkt. #12 at 17-18).

The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work with no additional limitations. (Dkt. #12 at 19). The ALJ accordingly concluded that plaintiff could return to his past relevant work as a customer service representative – a sedentary position – and was therefore not disabled. (Dkt. #12 at 23).

**I.      Medical Opinions of Record**

In discussing the medical opinions of record, the ALJ assigned "great" weight to the opinion of consulting internist Dr. Harbinder Toor. (Dkt. #12 at 22). Plaintiff claims that the ALJ's RFC finding failed to accurately reflect the limitations opined by Dr. Toor, and that the ALJ's implicit rejection of one of those limitations was not sufficiently explained.

Dr. Toor examined plaintiff on February 21, 2017, and found abnormal gait, reduced lumbar spinal range of motion, tenderness in the hips and left knee, and positive straight leg raising tests. He also reviewed imaging tests showing "straightening" of plaintiff's spine. (Dkt. #13 at 362-65). Dr. Toor opined that plaintiff had "moderate to marked" limitations with respect to standing, walking, bending, lifting, and carrying, and "moderate" limitations with respect to sitting for long periods. *Id*. The ALJ stated that he afforded "great weight to [Dr. Toor's opinion] and limit[ed] the claimant to sedentary level work because it is consistent with the claimant's decreased mobility during examination and limping gait." (Dkt. #12 at 22).

Plaintiff argues that the ALJ's RFC finding that plaintiff could perform sedentary work, which requires periods of sitting that can total up to six hours in an eight-hour workday, is inconsistent with Dr. Toor's opinion that plaintiff had "moderate" limitations for prolonged sitting, and that the ALJ failed to sufficiently explain or support this discrepancy, necessitating remand.

The Court disagrees. As district courts within this Circuit have repeatedly recognized, moderate limitations in prolonged sitting are not necessarily inconsistent with the ability to

3

perform the up-to-six hours of sitting (at approximately 2-hour intervals, interrupted by morning and afternoon breaks, and a lunch period) required for sedentary work. *See Marty S. v. Commissioner*, 2022 U.S. Dist. LEXIS 28278 at *17 (W.D.N.Y. 2022)(collecting cases, and finding that moderate limitations in sitting "are not necessarily inconsistent with the ability to perform . . . sedentary work"); *Lisa P. v. Commissioner*, 2021 U.S. Dist. LEXIS 41010 at *7-*9 (W.D.N.Y. 2021)("a moderate limitation in the ability to sit does not necessarily preclude a finding that the claimant can meet the sitting demands of sedentary work"); *Ali S. M. v. Commissioner*, 2022 U.S. Dist. LEXIS 421 at *9 (W.D.N.Y. 2022)("a moderate limitation in the ability to sit does not necessarily preclude a finding that [p]laintiff can meet the sitting demands of sedentary work"); *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 229 (E.D.N.Y. 2021)(collecting cases, and holding that a medical opinion describing moderate limitations for prolonged walking, sitting, and standing supports an RFC for a range of work at the sedentary level). *See generally Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)(emphasizing that a sedentary worker is not required to sit continuously for six hours in a day without standing or changing position: "[t]he regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight").

However, the ALJ must nonetheless facilitate meaningful review, by "provid[ing] a sufficient explanation as to why, despite the claimant's moderate sitting limitation," he determined that plaintiff could perform sedentary work. *Lisa P.*, 2021 U.S. Dist. LEXIS 41010 at *7. *See also Luis R. v. Commissioner*, 2021 U.S. Dist. LEXIS 154097 at *9-*11 (W.D.N.Y. 2020)(ALJ's failure to "construct a logical bridge" between his sedentary RFC determination, and a "generally persuasive" medical opinion setting forth, inter alia, a moderate sitting limitation, frustrated

judicial review and required remand); *Isaac S. v. Commissioner*, 2021 U.S. Dist. LEXIS 69616 at *11-*12 (W.D.N.Y. 2021)(ALJ erred when he found, without explanation, that a plaintiff who had a "moderate limitation standing, walking, and sitting a long time" could perform any or all of those activities for up to six hours a day).

Here, the ALJ's reasoning is sufficiently clear to permit meaningful review, and is well-supported by evidence of record. In determining that plaintiff had the RFC to perform sedentary work, the ALJ's decision cited plaintiff's impaired gait and mobility (which foreclosed plaintiff from performing work at any *higher* exertional level than sedentary), examination findings of full strength in plaintiff's extremities, inconsistent objective findings relating to back and knee pain and pain relief effectiveness, and plaintiff's testimony concerning the sedentary nature of his prior work and his activities of daily living. (Dkt. #12 at 19-22).

Indeed, the supportability of an RFC finding of sedentary work, despite moderate limitations in prolonged sitting, is particularly strong "where, as here, the record also includes evidence that plaintiff is able to perform activities of daily living that involve some . . . sitting." *Rosa v. Commissioner*, 2022 U.S. Dist. LEXIS 111519 at *29-*30 (E.D.N.Y. 2022)(collecting cases, and holding that a sedentary RFC finding was not inconsistent with "moderate" limitations in prolonged sitting, standing, and/or walking, particularly in light of the nature of plaintiff's activities of daily living, including cooking, cleaning, caring for children, and taking public transportation). As the ALJ related, plaintiff's self-described activities of daily living were comprised primarily of sedentary pursuits, such as playing video games, watching television, reading, writing, fishing, and attending church services. (Dkt. #12 at 18, 232, 316, 362-63). Plaintiff also testified, and the ALJ acknowledged, that plaintiff's departure from his sedentary customer service job had occurred as the result of a move, and not because plaintiff's limitations

prevented him from performing it. To the contrary, plaintiff testified that, "basically I sat down and I answered phones for AT&T," and described it as "[o]ne of the easiest jobs" he'd ever had. (Dkt. #12 at 23, 45).

Because the RFC determined by the ALJ was not inconsistent with Dr. Toor's opinion, was well-supported by substantial evidence of record and sufficiently explained, and because the record does not otherwise establish that plaintiff's limitations are inconsistent with the exertional requirements of sedentary work, I find no basis to remand the matter. I have considered the remainder of plaintiff's arguments, including plaintiff's suggestion that the case should be remanded for further development of the record with respect to plaintiff's ability to sit, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #13) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, the decision appealed-from is affirmed, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 12, 2022.